IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Strange, | No. CV 08-1590-PHX-PGR (LOA) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Dora B. Schriro, et al., | |
| Respondents. | |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254.  (docket # 1)  Respondents[1] filed a Motion to Dismiss Second or Successive Petition for Lack of Subject Matter Jurisdiction (docket # 8), to which Petitioner has replied.  (docket # 10)

**I.  Background**

On June 2, 1993, Petitioner filed a Petition for Writ of Habeas Corpus in this Court, challenging the constitutionality of his convictions and sentences in Arizona Superior Court, Pinal County, Case Number CR88-14895 (Respondents' Exh. B, 93-CV-1045-PHX-PGR (MM))  On August 2, 1993, Respondents filed a motion for summary judgment and supporting statement of facts, arguing that Petitioner's claims lacked merit or where

---

[1] To the extent that Petitioner named Dora B. Schriro as a respondent in this matter, Charles Ryan, the current director of the Arizona Department of Corrections, is automatically substituted pursuant to Fed.R.Civ.P. 25(d).

1    procedurally defaulted.  (Respondents' Exhs. C, D)  On September 9, 1993, Petitioner filed a
2    response.  (Respondents' Exh. E)

3           On April 15, 1994, Magistrate Judge Michael Mignella, Jr., filed a report and
4    recommendation, recommending that the petition be denied.  (Respondents' Exh. F)  On
5    August 10, 1994, the Honorable Paul G. Rosenblatt adopted the report and recommendation
6    and denied the petition for writ of habeas corpus.  (Respondents' Exh. G)  That same day,
7    the court entered an order granting Respondents' motion for summary judgment and
8    dismissing the petition and action.  (Respondents' Exh. H)

9           On August 17, 1994, Petitioner filed a notice of appeal to the Ninth Circuit Court
10   of Appeals, seeking review of the dismissal of his petition for writ of habeas corpus.
11   (Respondents' Exh. I)   Respondents opposed Petitioner's request for a certificate of
12   probable cause.  (Respondents' Exh. J)  On October 5, 1994, Judge Rosenblatt issued an
13   order, finding that probable cause did not exist for the appeal, and noting that Petitioner did
14   not request the issuance of a certificate of probable cause.  (Respondents' Exh. K)

15          On October 6, 1994, the Clerk of Court certified the record on appeal to the
16   Ninth Circuit Court of Appeals.  (Respondents' Exh. L)  On or about December 6, 1994, the
17   Court of Appeals denied Petitioner's request for a certificate of probable cause.
18   (Respondents' Exh. M)

19          Thereafter, on August 25, 2008, Petitioner filed a second petition for writ of
20   habeas corpus in this Court without first obtaining authorization from the Ninth Circuit
21   Court of Appeals as required by 28 U.S.C. § 2244(b)(3)(A).  (docket # 1)   Petitioner's
22   pending petition attacks the constitutionality of the same convictions and sentences
23   challenged in his first petition for writ of habeas corpus.

24          Respondents assert that the pending Petition should be dismissed because it is
25   second or successive and Petitioner did not obtain previous authorization from the Ninth
26   Circuit Court of Appeals to file such a petition.  Petitioner asserts that 28 U.S.C. §
27   2244(b)(3) does not apply because his first petition was filed before the enactment of the
28   Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

## II.  Second or Successive Petitions

Respondents argue that Petitioner's pending § 2254 petition is successive in view of the prior § 2254 petition which Petitioner filed in this Court in 1993.  Under the AEDPA, which amended 28 U.S.C. §2244, a state prisoner may not file a successive or second habeas petition in the district court unless the Court of Appeals has previously authorized the district court to consider the successive petition.  28 U.S.C. § 2244(b)(3)(A).  Petitioner argues that § 2244(b)(3)(A) does not apply, because his first petition was filed prior to the enactment of the AEDPA.  (docket # 10)

Accordingly, the Court will first determine whether the AEDPA applies to Petitioner's pending petition.  In *United States v. Villa-Gonzalez*, 208 F.3d 1160, 1163-64 (9th Cir. 2000), the Ninth Circuit held that the AEDPA's provisions governing second or successive petitions apply to a new § 2254 petition filed after the date of the AEDPA's enactment, even if the original petition was filed before.  Under *Villa-Gonzalez*, the AEDPA applies to Petitioner's new petition.

If the pending petition is second or successive, pursuant to 28 U.S.C. § 2244(b), Petitioner must obtain authorization from the Ninth Circuit Court of Appeals before he can proceed with this petition.  28 U.S.C. § 2244(b)(3)(A) ("*Before* a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.")(emphasis added).  The Court of Appeals will not issue an order authorizing a second or successive petition unless petitioner meets the requirements of 28 U.S.C. § 2244(b).

The AEPDA does not define the term "second" or "successive petition."  28 U.S.C. § 2244.  "That a prisoner has previously filed a federal habeas petition does not necessarily render a subsequent petition 'second or successive.' " *Hill v. Alaska*, 297 F.3d 895, 898 (9th Cir. 2002).  Rather, the phrase "is a term of art given substance in. . .prior habeas corpus cases." *Slack v. McDaniel*, 529 U.S. 473, 486 (2000).  *See Barapind v. Reno*, 225 F.3d 1100, 1111-12 (9th Cir.2000) (stating that not all "multiple collateral attacks [are]

1    'second or successive' " and discussing the case law).  However, it is established that when

2    the first petition was decided and dismissed on the merits, any later petition is "successive."

3    *Green v. White*, 223 F.3d 1001, 1002 n. 1 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529

4    U.S. 473, 485- 486 (2000)).  Generally, a new petition is considered "second or successive"

5    if it raises claims that were or could have been adjudicated on the merits in the earlier

6    petition.  *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001).

7         The Ninth Circuit has held that the dismissal of a prior petition based on the

8    doctrine of procedural default renders a subsequent petition "second" or "successive" within

9    the meaning of 28 U.S.C. § 2244(b)(3) because the petitioner "has no further opportunity to

10   obtain a disposition on the merits of his or her claims in the state courts" and the "interest

11   underlying the dismissal of the first petition, i.e., federal-state comity, is still present."

12   *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).

13        Because Petitioner's prior petition for writ of habeas corpus was dismissed both

14   on the merits and as procedurally defaulted, his pending petition is "successive" or

15   "second." *Green,* 223 F.3d at 1002 n. 1.  Accordingly, *before* seeking federal habeas corpus

16   review, Petitioner must seek from the Ninth Circuit Court of Appeals an order authorizing

17   this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).  Absent approval from the

18   Ninth Circuit, this court lacks subject matter jurisdiction to consider a second or successive

19   petition.  *See* 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin,* 518 U.S. 651, 664 (1996) (stating

20   that the AEDPA "requires a habeas petitioner to obtain leave from the court of appeals

21   before filing a second habeas petition in the district court."); *Burton v. Stewart*, 549 U.S.

22   147, 127 S.Ct. 793, 794-99 (2007) (rejecting the argument that the District Court has

23   jurisdiction to consider the merits of Petitioner's claims notwithstanding this failure to seek

24   permission to file a successive petition because petitioner has a "legitimate excuse" for his

25   failure to raise the claims presented in his second habeas action in his first habeas action.);

26   *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) (Section 2244(b) acts as a "prior-

27   appellate-review mechanism" that requires permission from the court of appeals before a

28   petitioner may file a successive habeas petition.").  Petitioner's failure to comply with the

1   gate-keeping requirement of § 2244(b)(3)(A) deprives this Court of jurisdiction to consider

2   this matter.

3           Accordingly,

4           **IT IS HEREBY RECOMMENDED** that the Respondents' Motion to Dismiss

5   (docket # 8) be **GRANTED** and that Petitioner's Petition for Writ of Habeas Corpus (docket

6   # 1) be **DISMISSED** without prejudice to Petitioner filing a proper application for

7   consideration of a second or successive petition in the Ninth Circuit pursuant to 28 U.S.C. §

8   2244.

9           This recommendation is not an order that is immediately appealable to the Ninth

10  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

11  Appellate Procedure, should not be filed until entry of the District Court's judgment.  The

12  parties shall have ten days from the date of service of a copy of this recommendation within

13  which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules

14  72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within

15  which to file a response to the objections.  Failure to file timely objections to the Magistrate

16  Judge's Report and Recommendation may result in the acceptance of the Report and

17  Recommendation by the District Court without further review.  *See United States v. Reyna-*

18  *Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual

19  determinations of the Magistrate Judge will be considered a waiver of a party's right to

20  appellate review of the findings of fact in an order or judgment entered pursuant to the

21  Magistrate Judge's recommendation. *See,* Rule 72, Federal Rules of Civil Procedure.

22          DATED this 12th day of February, 2009.

23

24

25

26          _____
            Lawrence O. Anderson
27          United States Magistrate Judge

28